IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMERGENCY SAFETY SOLUTIONS, INC., a Texas Corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. _______________ |
| HAAS, INC., a Delaware Corporation, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**COMPLAINT**

Emergency Safety Solutions, Inc. ("Plaintiff"), by its undersigned attorneys, hereby files its Complaint against HAAS, Inc. ("Defendant") and alleges as follows:

**THE PARTIES**

1. Plaintiff is a Texas corporation with its principal place of business in Houston, Texas.

2. Defendant is a Delaware Corporation with its principal place of business in Chicago, Illinois.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., particularly at least Sections 271, 281 through 285, and 295 of Title 35 of the United States Code and the laws of the State of Delaware.

4. Personal jurisdiction over Defendant is proper in this district pursuant to 28 U.S.C. §§ 1331 and 1338, as Defendant is deemed to be a resident of this district.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) and 1400(b). Defendant is a Delaware Corporation and further has committed at least a portion of the alleged infringing acts in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff adopts and re-alleges each and every numbered paragraph above as if set forth verbatim herein at this point.

8. On October 8, 2024, the United States Patent and Trademark Office (USPTO) duly and legally issued United States Letters Patent No. 12,109,938 (hereinafter the "'938 Patent" or "Patent-in-Suit") for an invention titled "System for Communication of Hazardous Vehicle and Road Conditions". The '938 Patent has a priority date at least as early as August 12, 2019.

9. Plaintiff is the assignee of the entire right, title, and interest of the Patent-in-Suit. A true and correct copy of the Patent-in-Suit is attached hereto as Exhibit "A."

10. On or about September 25, 2024, Plaintiff and Defendant entered into a written Master System Sub Supply Agreement ("the MSSSA").

11. Under the MSSSA, Plaintiff granted Defendant a limited, non-exclusive license under the '938 Patent, subject to specific conditions, including that the license is solely for the limited purpose of fulfilling Defendant's obligations under the MSSSA.

## CLAIM FOR RELIEF
### Count I - Patent Infringement

12. Plaintiff adopts and re-alleges each and every numbered paragraph above as if set forth verbatim herein at this point.

13. Plaintiff has the sole right to enforce and prosecute actions for infringement to collect damages for all relevant times against infringers of the Patent-in-Suit and grant licenses to the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

14. Defendant infringed and continues to infringe the Patent-in-Suit, by making, having made, using, selling, importing, offering to sell within the United States, or actively inducing others to make, use, sell, import or offer to sell within the United States, a system that practices the inventions as claimed in the Patent-in-Suit.

15. More particularly, upon information and belief, Defendant has infringed and continues to infringe at least claim 1 and claims 2 through 4 of the '938 Patent because Defendant's Safety Cloud Systems (the "Accused System"), include every element of each of these claims. See Exhibit B and Claim Chart attached hereto.

16. For example, Claim 1 of the '938 Patent recites as follows:

> A system for providing real time indication of a hazardous vehicle condition comprising:
> a server in communication with a first microprocessor of a first vehicle, the first microprocessor operative to receive a first communication sent from the first vehicle to the server indicating the first vehicle is in a hazardous condition and a location of the first vehicle;
> wherein the server receives a second communication sent from a second vehicle to the server indicative of a location of the second vehicle; and
> wherein the server provides a third communication to the second vehicle when it is determined that the locations

> of the first and second vehicle lie on a common roadway path and within a predetermined distance of one another.

17. Defendant has infringed and continues to infringe the Patent-in-Suit directly and through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

18. Defendant has had actual knowledge and notice of the Patent-in-Suit, and despite such knowledge and notice, Defendant has failed and refused to cease and desist from its acts of infringement.

19. As a result of Defendant's infringement, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

20. Unless Plaintiff receives preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant's infringement, Plaintiff will be irreparably injured.

21. Upon information and belief, the infringement of the Patent-in-Suit by Defendant has been willful, deliberate and objectively reckless, such that Plaintiff's damages should be increased up to three times the amount assessed pursuant to 35 U.S.C. § 284.

22. In addition, upon information and belief, Defendant's conduct as addressed herein renders this an exceptional case under 35 U.S.C. § 285, thus entitling Plaintiff to an award of attorney fees.

## ALTERNATIVE CLAIM FOR RELIEF
### Count II – Breach of Contract

23. Plaintiff adopts and re-alleges each and every numbered paragraph above as if set forth verbatim herein at this point.

24. This claim is pled in the alternative to Plaintiff's claim for patent infringement, in the event it is determined that Defendant's conduct constitutes a breach of the MSSSA rather than or in addition to patent infringement.

25. The MSSSA is governed by Delaware law.

26. Defendant has failed to comply with the terms of the MSSSA, including using Plaintiff's patented technology for its own benefit and not for fulfilling its obligations under the MSSSA.

27. On June 25, 2026, the Defendant provided written notice of termination of the MSSSA to Plaintiff.

28. As a result of Defendant's breach, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor and against Defendant and for relief including:

29. That Defendant has infringed the Patent-in-Suit;

30. That Defendant and its officers, directors, employees, and all others acting under its direction or control be preliminarily and permanently enjoined and restrained from infringing the Patent-in-Suit;

31. That Defendant account to Plaintiff for all gains, profits, and advantages derived from its infringement of the Patent-in-Suit;

32. Compensatory damages for patent infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined, but in no event less than a reasonable royalty together with interest and costs;

33. Increased damages up to treble the amount of actual damages found or assessed pursuant to 35 U.S.C. § 284;

34. Alternatively, if relief is granted under Count II, an award of damages for Defendant's breach of contract;

35. Reasonable attorney fees pursuant to 35 U.S.C. § 285; and

36. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: July 10, 2026

Respectfully submitted,

*_/s/ Herbert W. Mondros_*
Herbert W. Mondros, Del. Bar No. 3308
RIGRODSKY LAW P.A.
1007 North Orange Street, Ste. 453
Wilmington, Delaware 19801
Telephone: (302)295-5310
Email: hwm@rl-legal.com

(*Motion for Admission Pro Hac Vice to be filed*)
Todd A. Nelson, OBA No. 15317
GABLEGOTWALS
110 N. Elgin, Ste. 200
Tulsa, OK 74120
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
Email: tnelson@gablelaw.com

Attorneys for Plaintiff,
Emergency Safety Solutions, Inc.